IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Donna B. Collins,                  :

    Plaintiff,                 :

  v.                               :          Case No. 2:09-cv-515

Michael J. Astrue,                 :          JUDGE GRAHAM
Commissioner of Social Security,
                                          :

    Defendant


OPINION AND ORDER

This matter is before the Court to consider *de novo* the plaintiff's objections to a Report and Recommendation of the Magistrate Judge recommending that judgment be entered in favor of the Commissioner. Those objections were filed on April 16, 2010, and the Commissioner filed a response on April 28, 2010. For the following reasons, plaintiff's objections will be overruled and judgment will be entered for the defendant.

I. Background

Plaintiff claimed disability due to a bad back and bad knees. She had previously worked as a dishwasher at different restaurants, and was working part-time as a school custodian at the time of the administrative hearing. The administrative decision concluded that plaintiff did have severe impairments including scoliosis of the thoracic spine, osteoarthritis of the right knee, hypertension, a slight speech impediment, obesity, and borderline intellectual functioning. However, the Commissioner found that plaintiff could still perform a limited range of light work with some mental restrictions involving performing only simple, repetitive tasks without time pressures or high levels of interpersonal communication. Because a vocational expert testified that plaintiff could perform a

variety of unskilled jobs at the light or sedentary exertional levels such as laundry worker, sorter, or assembler, and also some clerical positions, the Commissioner denied her claim for benefits.

In her statement of errors, plaintiff raised two issues: that the Commissioner should have found that her impairments satisfied the requirements of Section 12.05(C) of the Listing of Impairments, see 20 C.F.R. Part 404, Subpart P, Appendix 1; and that the Commissioner should have given more weight to the opinion of Dr. Meckler, a treating source.  The Report and Recommendation rejected each of these contentions and recommended that the case be decided in favor of the Commissioner.

## II.  Plaintiff's Objection

Plaintiff raises a single objection to the Report and Recommendation.  She asks the Court to conduct a *de novo* review of that part of the Report and Recommendation which concludes that the Commissioner's determination that she did not satisfy Listing 12.05(C) - and particularly the requirement that she manifested deficiencies in adaptive functioning prior to age 22 - was supported by substantial evidence.

In support of her objection, plaintiff acknowledges that two of the evaluating examiners, Dr. Reece and Dr. Dubey, reached different conclusions about whether she suffered from mild mental retardation.  She argues, however, that Dr. Reece's evaluation was much more detailed and supported by a greater range of tests than was Dr. Dubey's, and that Dr. Dubey seemed unaware both of her scores on the intelligence and memory tests administered by Dr. Reece and the fact that she was placed in special education classes in school.  Thus, she contends that Dr. Dubey's opinion cannot be deemed to be substantial evidence to contradict Dr. Reece's findings.  She also contends that evidence of her successful adaptation to both work and family life should not

-2-

have been used to discount the fact that she had deficits in adaptive functioning in at least two areas prior to age 22. For these reasons, she has asked the Court either to award her benefits on the grounds that she has satisfied Listing 12.05(C), or to remand the case for further administrative proceedings.

The Court turns first to the issue of whether the record conclusively shows that plaintiff had deficits in adaptive skills which manifested themselves prior to age 22. There are several areas of adaptive skills to which this Listing refers: "communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health and safety." See Hayes v. Comm'r of Social Security, 2009 WL 4906909, *5 (6th Cir. December 18, 2009) (quoting DSM-IV-TR at 49).

The record concerning plaintiff's early years consists almost entirely of two pages of school records. (Tr. 227-28). The first of those two pages indicates the results of standardized intelligence testing, on which plaintiff scored between 70 and 85. It shows that she was in special education classes when two of the tests were administered, on February 7, 1967, and again on November 6, 1969. Contrary to plaintiff's testimony, these records do not show that she was in special education from kindergarten on. Her junior high school record (Tr. 228) confirms her statement to Dr. Reece that she "did well in school." During her last two years in school, her grades were predominately As and Bs. There is nothing in the school records, or any other records, documenting deficits in any adaptive skills other than functional academic skills, and the extent of this latter deficit can only be inferred from her school records, which show good performance in special education classes and an intelligence test score of 70 or above at all times during her school years.

The Court simply cannot say, from this evidence, that the Commissioner erred in finding that "the longitudinal record does not support a finding of adaptive deficits [footnote omitted] prior to age 22." (Tr. 27). The administrative decision supported this finding by evaluating each of these areas of adaptive skills and, citing to evidence in the record about plaintiff's ability to communicate, to perform self-care, to engage in normal social interaction, to take care of her health concerns, to read, to engage in leisure activities, and to function in a work setting, concluding that such deficits had not been demonstrated. (Tr. 28-29). Plaintiff's objection does not argue that this evidence does not exist. In the Court's view, it forms a substantial foundation for a finding that her mental impairment did not satisfy Listing 12.05(C).

Further, the Court agrees with the Commissioner that Dr. Reece's diagnosis of mild mental retardation did not have to be accepted. To some extent, the plaintiff is inviting the Court to reweigh the conflicting evidence on this point, which the Court may not do. Rather, the Court's "job is not to reweigh the evidence. That is solely the province of the Secretary [now Commissioner]." Mullins v. Secretary of H.H.S., 680 F.2d 472 (6th Cir. 1982). Further, it was not only Dr. Dubey who thought that borderline intellectual functioning was the correct diagnosis. Dr. Goeke, one of the state agency reviewers, discussed the issue in detail, after having had the benefit of Dr. Reece's report, and stated, after noting that her IQ scores on the tests administered by Dr. Reece placed her in the mild range of mental retardation, that "adaptive functioning suggests borderline range of abilities." (Tr. 310). He also noted that none of her school IQ scores fell below 70 and that her adaptive skills were not consistent with mental retardation. (Tr. 299). In light of all this evidence, the Court concludes both that the

Commissioner did not hold plaintiff to an unreasonably high standard in attempting to satisfy the requirements of Listing 12.05(C) and that a reasonable person could have come to the same conclusion as did the Commissioner concerning whether she met the diagnostic criteria for mental retardation.

The standard of review which the Court must apply here is "whether the [Commissioner's] findings are supported by substantial evidence and whether the [Commissioner] employed the proper legal standards in reaching [his] conclusion." <u>Brainard v. Secretary of H.H.S.</u>, 889 F.2d 679, 681 (6th Cir. 1989). The Court has found the existence of such evidence and has determined that the Commissioner properly applied the legal standard involved in this case as derived from Listing 12.05(C). That being so, the Commissioner's decision is entitled to affirmance.

### III. <u>Conclusion</u>

For these reasons, the plaintiff's objections to the Report and Recommendation of the Magistrate Judge are OVERRULED, and the Report and Recommendation is ADOPTED. The plaintiff's statement of errors is OVERRULED, the decision of the Commissioner is AFFIRMED, and the Clerk is directed to enter judgment in favor of the defendant Commissioner.

It is so ORDERED.

<pre>
                                S/ James L. Graham
                                JAMES L. GRAHAM
                                United States District Judge
</pre>

DATE: May 11, 2010